IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DALIA JAZMIN RUANO<br>17109 King James Way, Apt. 2<br>Gaithersburg, MD 20877<br><br>PLAINTIFF,<br><br>v.<br><br>GOMES BROS. AND FAMILY INC.<br>5548 Norbeck Road<br>Rockville, MD 20853<br><br>　　Serve: Nicholas Gomes<br>　　21708 Gorman Drive<br>　　Boyds, MD 20853<br><br>and<br><br>NICHOLAS GOMES<br>21708 Gorman Drive<br>Boyds, MD 20853<br><br>DEFENDANTS. | Case No.: 18-852<br><br>March 23, 2018 |

**COMPLAINT**

I.  **INTRODUCTION**

1. Plaintiff Dalia Jazmin Ruano ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Defendants Gomes Bros. and Family Inc. ("Gomes Bros.") and Nicholas Gomes ("Gomes") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Labor & Employment § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Labor & Employment § 3-501, *et seq.* ("MWPCL"), as set forth below. Plaintiff seeks to equitably toll the statute of limitations.

## II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.   Venue is appropriate in the District of Maryland pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.   THE PARTIES

4.   Plaintiff is an adult resident of Maryland.

5.   At all times relevant to this Complaint, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1) and Maryland law.

6.   At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

7.   Defendant Gomes Bros. is a corporation formed under the laws of Maryland, which operates a Subway restaurant located at 5548 Norbeck Road, Rockville, Maryland.

8.   Defendant Gomes is an adult resident of Maryland and President of Defendant Gomes Bros.

9.   At all times relevant to the Complaint, defendant Gomes made all relevant decisions regarding Plaintiff's wages and working conditions.

10.   At all times relevant to the Complaint, Defendants were each and all employers as that term is defined by 29 U.S.C. §203(d) and by Md. Labor & Employment §§3-401(b) and §3-

501(b).

## IV. STATEMENT OF FACTS

11. Plaintiff worked for Defendants as a sandwich maker from approximately September 2007 until January 29, 2018.

12. During Plaintiff's employment, Defendants did not post and keep posted a notice explaining the Fair Labor Standards Act, as prescribed by the U.S. Department of Labor, Wage and Hour Division, in a conspicuous place such as would permit the plaintiff to observe readily a copy, as required by 29 C.F.R. §516.4.

13. During Plaintiff's employment, Defendants did not post and keep posted a notice explaining the Maryland Wage and Hour Law, as prescribed by the Maryland Department of Labor, Licensing and Regulation, in a conspicuous place such as would permit the plaintiff to observe readily a copy, as required by Md. Labor & Employment §3-423(b).

14. Plaintiff worked more than forty hours during most weeks of her employment by Defendants.

15. Defendants recorded Plainitff's work hours by splitting them between two different employee payroll accounts such that neither payroll record showed Plaintiff working more than forty hours per week.

16. Defendants issued two payroll checks to Plaintiff for each pay period, one from each of her two employee payroll accounts.

17. Defendants never paid Plaintiff at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty hours in each one-week period.

18. Plaintiff did not learn of the illegality of Defendants' payroll scheme until she consulted with an attorney on February 23, 2018.

## V. COUNT ONE: FLSA AND MWHL OVERTIME VIOLATIONS

19. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 18, above.

20. Defendants' failure to pay Plaintiff wages at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty in each one week period violates both, 29 U.S.C. §207 and Md. Labor & Employment §3-415.

21. Defendants' failure to pay overtime wages as required by 29 U.S.C. §207 and Md. Labor & Employment §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and MWHL but did not do so.

22. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## VI. COUNT TWO: MWPCL WAGE PAYMENT VIOLATIONS

23. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 18, above.

24. Defendants' failure to pay Plaintiff all wages due for the work Plaintiff performed, including overtime wages, violates Md. Labor & Employment §3-501 *et seq*.

25. Defendants' failure to pay all wages due to Plaintiff as required by Md. Labor & Employment §3-501 *et seq*. was not a result of a overtime wages as required by 29 U.S.C. §207 and Md. Labor & Employment §3-415 was not the result of a *bona fide* dispute.

26. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Equitably toll the applicable statutes of limitations;

2. Order Defendants to pay to Plaintiff all wages owed, consistent with the Fair Labor Standards Act, Maryland Wage and Hour Law, and Maryland Wage Payment and Collection Law;

3. Award Plaintiff liquidated damages for all wages owed pursuant to 29 U.S.C. §216(b) and Md. Labor and Employment §3-427(a)(2);

4. Award Plaintiff punitive (treble) damages for all wages owed pursuant to Md. Labor and Employment §3-507.2(b);

5. Award Plaintiff her reasonable attorney's fees and costs pursuant to 29 U.S.C. §216 and Md. Labor and Employment §§ 3-427(a)(3) and 3-507.2(b);

6. Award Plaintiff pre-judgment and post-judgment interest; and

7. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/ s / Mariusz Kurzyna

Mariusz Kurzyna (Bar No. 20284)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiff*