IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| DALIA JAZMIN RUANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. CBD-18-0852 |
| | ) |
| GOMES BROS. AND FAMILY, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff Dalia Jazim Ruano ("Plaintiff") brought claims for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* Plaintiff sought damages, including liquidated and treble damages, from Defendants Gomes Bros. and Family, Inc., and Nicholas Gomes (collectively "Defendants"). On December 10, 2018, the parties submitted a Joint Motion for Approval of Settlement Agreement ("Joint Motion"), ECF No. 18. On December 27, 2018, this Court denied the Joint Motion without prejudice. Order ("December 2018 Order"), ECF No. 19. This denial was premised upon Plaintiff's failure to provide sufficient supporting information regarding the attorney's fees requested and the qualifications of her attorneys. Dec. Order. On January 10, 2019, Plaintiff filed a supplement to the Joint Motion ("Supplement to the Joint Motion"), ECF No. 20. Although this information fails to fully comply with the Local Rules regarding formatting of information concerning attorney's fees, for the reasons stated below the Court is satisfied that it

1

has sufficient information to fully assess the reasonableness of the attorney's fees and accordingly the merits of the Joint Motion.

The parties' settlement agreement states that Defendants will pay a total of $14,000.00 to be divided as follows: (1) Plaintiff would receive a total of $4,500.00 in compensation for her claims; (2) Plaintiff's counsel would receive a total of $9,100.00 as reimbursement for attorney's fees; and (3) Plaintiff's counsel would receive $400.00 as reimbursement for the costs of filing the proceeding. The Court has reviewed the Joint Motion, the accompanying memorandum, the Supplement to the Joint Motion, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons that follow, the Court hereby **GRANTS** the parties' Joint Motion without modification as: (1) there exists a *bona fide* dispute; (2) the settlement agreement is both fair and reasonable under the *Saman* test; and, (3) the agreed to attorney's fees appear to be reasonable under *Saman*. A separate Order shall issue.

## I. Analysis

### A. A *Bona Fide* Dispute Exists

Congress enacted the FLSA to protect workers from poor wages and long hours, which are often the result of power imbalances between workers and employers. *Saman v. LBDP, Inc.*, No. Civ. A. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013). Even when parties submit a joint motion seeking approval for a settlement agreement, the Court must undertake a multi-step review of the agreement and any attorney's fees requested to ensure its reasonableness. *Id.* "[A]s a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are 'actually in dispute.'" *Id.* at *3 (citing *Lane v. Ko–Me, LLC*, Civ. A. No. DKC–10–2261, 2011 WL 3880427, at *2 (D. Md. Aug. 31, 2011) (citation omitted)).

Here, the parties attest that they "extensively negotiated and contested the merits of the claims." J. Mot. 2. Plaintiff commenced this proceeding on March 23, 2018. Pl.'s Compl., ECF No. 1. Plaintiff was an employee at a Subway franchise store that Defendants owned and operated. Pl.'s Compl. 6-11. "Plaintiff worked for Defendants as a sandwich maker from approximately September 2007 to January 29, 2018." Pl.'s Compl. 11. During that nearly eleven-year period, Plaintiff alleges Defendants failed to post the proper notices required by the FLSA and related Maryland laws. Pl.'s Compl. 12-13. Plaintiff further alleges that she worked more than 40 hours a week, but that Defendants avoided paying her overtime by splitting her hours between two payroll accounts so that she was issued two payroll checks for each pay period. Pl.'s Compl. 14-17. Plaintiff asserts she was unaware that this practice was illegal until February 23, 2018, less than a month after she stopped working for Defendants. Pl.'s Compl. 18. In response, Defendants denied all liability in their Answer. Defs.' Answer, Apr. 16, 2018, ECF No. 6. As of the date of this opinion, Defendants make no admissions of liability—not even within the settlement agreement. J. Mot. 2. Accordingly, the Court is satisfied that a *bona fide* dispute concerning FLSA issues exists in this case.

### B. The Settlement Agreement Passes the *Saman* Test

If a *bona fide* dispute exists, the next step in the analysis is to assess the fairness and reasonableness of a settlement agreement using the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). Here, the settlement agreement appears to be fair and reasonable under the *Saman* factors.

1. **Extent of discovery**

As of the date of this opinion, there has been limited discovery conducted in this proceeding. J. Mot. 3. Plaintiff acknowledges that she was focused on ascertaining how much Defendants' financial problems would impact any potential judgment she might receive. J. Mot. 3. After that discovery was complete, the parties reached agreement to settle all claims.

2. **Stage of the Proceedings**

This matter settled while still in the preliminary stages of litigation. The settlement agreement comes approximately nine (9) months after the case was commenced. After Defendants submitted an Answer, the parties requested court meditation and the matter was referred to the undersigned. Joint Status Report, April 25, 2018, ECF No. 10. A settlement conference was held before the undersigned on July 6, 2018. J. Mot. 3. Following that, Plaintiff conducted limited discovery into Defendants' financial records. J. Mot. 3; Supplement to the J. Mot. 1-2. Soon thereafter, the parties came to this settlement agreement. J. Mot. 3.

The case appears to be a straightforward wage-and-hour case. If documentation exists supporting Plaintiff's claim that Defendants paid her two paychecks per pay period and thus avoided paying her overtime, Plaintiff has a strong likelihood of recovering backpay and additional damages. However, Defendants are in financial difficulty. Plaintiff admits that she learned through discovery that were she to win a judgment, Defendants would likely be unable to pay her. J. Mot. 3. Although the amount settled for is significantly less than what Plaintiff could

have recovered, the fact she is recovering anything given Defendant's financial position makes settling at this stage of the litigation a prudent decision.

### 3. Absence of Fraud or Collusion

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Saman*, 2013 WL 2949047, at *5 (quoting *Lamscolo*, 2009 WL 3094955, at 12). Here, there is no evidence that the settlement agreement is the product of fraud or collusion. The parties affirm that:

> Prior to accepting the settlement agreement, Defendants and Plaintiff—with the advice of their respective counsel—considered the potential value of Plaintiff's claims, considered the strengths and weaknesses of Defendants' defenses, and Plaintiff and Defendants both independently concluded the settlement is in their best interests and a fair and reasonable resolution of Plaintiff's claims.

J. Mot. 3. Accordingly, the Court is satisfied that this settlement agreement is the product of independent decision-making and arm's-length negotiations.

### 4. Experience of Counsel

Plaintiff is represented by the law firm Zipin, Amster & Greenberg, LLC ("Zipin Firm"). Plaintiff states that the Zipin Firm has "handled hundreds of FLSA cases in federal and state courts in Maryland and other states" and "litigated numerous FLSA claims" in this District. J. Mot. 3, 6. Plaintiff further details the qualifications of the two attorneys who worked on this case. J. Mot. 3, 8. Along with her supplemental filing for this motion, Plaintiff submitted two declarations from the attorneys who worked on this matter that also attest to their qualifications. *See* Decl. of Mariusz Kurzyna ("Kurzyna Declaration"), Jan. 10, 2019, ECF No. 20-1; Decl. of Michael K. Amster ("Amster Declaration"), Jan. 10, 2019, ECF No. 20-2. The Court is satisfied that Zipin Firm and the attorneys of record are sufficiently experienced in litigating matters concerning FLSA cases in state and federal courts.

### 5. Opinions of Counsel

Counsel for all parties believe this settlement agreement is in their clients' best interest. The Joint Motion does not indicate any hesitation or reservations from either party. In fact, counsel agree "that the settlement is fair and just and represents a reasonable compromise regarding bona fide disputes." J. Mot. 3. Further, the settlement agreement was reached after Plaintiff "conduct[ed] discovery into Defendants' finances . . . and [Plaintiff's] counsel concluded that said finances would make it difficult, if not impossible, to collect on a larger judgment in full." J. Mot. 3.

### 6. Probability of Plaintiff's Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery

According to the Joint Motion, Plaintiff's counsel anticipated recovering a maximum of $5,694.00 after trial, not including liquidated damages. J. Mot. 4. The difference between what Plaintiff's counsel anticipated being able to recover and what Plaintiff is settling for is $1,194.00. J. Mot. 4. While Plaintiff also sought liquidated damages and treble damages for her claims, Defendants "vigorously disputed the allegations and maintained that a large judgment against them would cause Defendants to declare bankruptcy." J. Mot. 4. Despite the existence of documentary evidence to support Plaintiff's claim, Plaintiff's counsel states that settling now ensures Plaintiff recovers something rather than nothing if a large judgment is entered and Defendants declare bankruptcy. J. Mot. 3.

### C. Attorney's Fees

The final step in this inquiry is an independent assessment of the reasonableness of any attorney's fees that may be included in a settlement agreement. *Saman*, 2013 WL 2949047, at *3 (quoting *Lane,* 2011 WL 3880427, at *3). In the course of this independent assessment, the Fourth Circuit has instructed district courts to consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at *6–7 (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). When a claim for attorney's fees is filed in the federal court in Maryland, there is an extra layer of complexity arising from the Court's Local Rules which includes an entire appendix listing "Rules and Guidelines" for how parties are to request reimbursement of fees. Local Rules, App. B (D. Md. Dec. 1, 2018).

Here, Plaintiff's counsel states they incurred $14,358.00 in uncompensated hourly fees and $400.00 in court costs related to filing this proceeding. J. Mot. 4. While Plaintiff's counsel seeks full reimbursement for the court costs, they "agreed to accept a deeply discounted fee of $9,100.00." J. Mot. 4. In the Joint Motion, Plaintiff addresses each of the *Saman* factors with varying degrees of depth. Certain factors were more significant to the determination of reasonableness in this case and are therefore addressed in detail *infra*. The remaining factors—while Plaintiff addressed them—present no novel issues or significant impact on the reasonableness of an attorney's fees requested.[1]

---

[1] The remaining *Saman* factors are:

> (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; . . . (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; . . . (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client . . . .

7

### 1. The Time and Labor Expended

The amount of "time and labor expended" by counsel on a particular case is an essential starting point for assessing the reasonableness of the total amount of fees requested. Accordingly, detailed information concerning what counsel was doing during the hours they billed for a client's case is necessary for the Court to make an accurate assessment. *See United Food & Commercial Workers Unions v. Magruder Holdings, Inc.*, No. GJH-16-2903, 2017 WL 3129192, at *4 (D. Md. July 21, 2017) (noting the movant attached "a summary of the legal services performed in the matter, broken down into date, attorney, narrative of the task, hours expended, and fees charged").

With the inclusion of the Supplement to the Joint Motion, Plaintiff has provided the Court with a detailed summary of the legal services provided that is broken down by date, billing party, description of work, hours spent, and a calculation of the fees charged. The Court notes that this summary was not organized by litigation phase, as required by the Local Rules. *See* Local Rules, App. B(1)(b) ("Fee applications, accompanied by time records, shall be submitted . . . organized by litigation phase."). Although the Joint Motion did state the total number of hours spent by each billing party in each litigation phase (J. Mot. 4-5), formatting the more detailed summary is required by the Local Rules and permits the Court to more easily review the information provided. *See United Food & Commercial Workers Unions*, 2017 WL 3129192, *4 (directing a plaintiff re-submit its request for attorney's fees in an "organizational format consistent with [the Local Rules]"). However, in light of the fact that this is an unopposed motion for settlement, both parties were represented by counsel, the proceedings were relatively

---

*Saman*, 2013 WL 2949047, at *6–7 (citing *Barber*, 577 F.2d at 226 n.28).

short in duration, and the final amount is significantly discounted from the amount billed, the Court is willing to accept the supplemental filing in its current format.

The Court is appreciative of Plaintiff's counsel's argument that there is less of a need for detailed information concerning attorney's fees requests in situations where represented parties have come to a mutual agreement or where counsel seeks to recovery a discounted amount. Supplement to the J. Mot. 2. However, the Court still bears the responsibility of reviewing this FLSA settlement agreement for reasonableness. *Gionfriddo v. Jason Zink, LLC*, No. Civ. A. RDB-09-1733, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.") (citations omitted). To ask the Court to decide a matter in the absence of sufficient information is in essence requesting the Court engage in ceremonial rubberstamping of any settlement agreement that comes across its docket. Further, timekeeping is a daily task required in most—if not all—for-profit firms. In fact, the attorneys herein acknowledge that their firm has a management software system that generates reports of time logs for cases. Kurzyna Decl. 3; Amster Decl. 2. Accordingly, the Court is not persuaded that requiring sufficiently detailed information in compliance with the Local Rules for uncontested or discounted requests for attorney's fees presents that significant of a burden on litigants such that it would deter attorneys from undertaking these types of cases in the future.

### 2. The Customary Fee for Like Work

An additional factor considered by the Court is the customary fee attorneys charge for the type of work the attorney seeks to be reimbursed. For the convenience of counsel, the Local Rules include guidelines listing a presumptive range of reasonable hourly rates. *Gonzales v.*

*Caron*, Civ. A. No. CBD-10-2188, 2001 WL 3886979, at *2 (D. Md. Sept. 2, 2011) ("[G]enerally this Court presumes that a rate is reasonable if it falls within these ranges.").

Here, Plaintiff's counsel is seeking to recover based on the "normal and customary rates that [Zipin Firm] charges its hourly clients and in line with market rates." J. Mot. 6. For Mariuz Kurzyna, Plaintiff seeks to recover a rate of $320.00 per hour prior to July 1, 2018, and a rate of $350.00 per hour after July 1, 2018. J. Mot. 6. With his twelve (12) to thirteen (13) years of experience, these rates are at the highest end of the range listed in the Local Rules' guidelines for attorneys with between nine (9) and fourteen (14) years of experience. *See* Local Rules, App. B(3)(c). However, considering that Mr. Kurzyna was the lead attorney in this matter and he has over a decade of experience the Court finds these rates to be reasonable.

For Michael Amster, Plaintiff seeks to recover $320.00 per hour billed prior to July 1, 2018, and $350.00 per hour billed after July 1, 2018. J. Mot. 6. With his nine (9) to ten (10) years of experience, these rates are at the highest end of the range listed in the Local Rules' guidelines for attorneys with between nine (9) and fourteen (14) years of experience. *See* Local Rules, App. B(3)(c). However, considering Mr. Amster is a partner at the Zipin Firm the Court finds these rates to be reasonable.

Finally, Plaintiff seeks to recover $135.00 per hour billed by various paralegals at any point during this case. J. Mot. 7. This is within the range of rates listed in the Local Rules' guidelines and is therefore presumptively reasonable. *See* Local Rules, App. B(3)(f).

### 3. The Experience, Reputation and Ability of the Attorney

As detailed above, Plaintiff's counsel asserts their firm has significant familiarity with wage and hour claims. *See supra* Section I.B(4). Of note is the fact that at least one attorney

assigned to this case had at least twelve (12) years of experience practicing law and significant experience litigating FLSA wage-and-hour cases. J. Mot. 7-8.

### 4. The Novelty and Difficulty of the Questions Raised and The Amount in Controversy and The Results Obtained

Plaintiff's arguments addressing the difficulty of this case and the results ultimately obtained are interrelated. The wage-and-hour claims in this case are straightforward. Plaintiff appears to be in possession of documentary proof of the illegal actions Defendants allegedly took. J. Mot. 1-3. However, the issue of whether Plaintiff would be able to recover anything considering Defendants' financial situation presented a difficult decision for Plaintiff, one that Plaintiff argues made the case more challenging. J. Mot. 6. Further, Plaintiff originally expected to see a maximum of $5,694.00 after trial (not including liquidated damages). J. Mot. 4. At $4,500.00, the amount Plaintiff will ultimately recover is only around $1,200.00 less than Plaintiff's actual lost wages.

### 5. Attorneys' Fees Awards in Similar Cases

Plaintiff's request for reimbursement of $9,100.00 in attorney's fees is over twice the amount of damages Plaintiff will be receiving. In the Joint Motion, Plaintiff points the Court's attention to the fact that civil rights cases and FLSA cases often see awards of attorney's fees that "substantially exceed[ ] damages." J. Mot. 9 (citing *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 n.20 (4th Cir. 2006) (internal citations omitted)). Plaintiff also cites to *Almendarez v. J.T.T. Enterprises Corp.*, where the plaintiffs were awarded attorney's fees amounting more than 25 times the amount they recovered in damages after trial. *Almendarez v. J.T.T. Enterprises Corp.*, Civ. No. JKS-06-68, 2010 WL 3385362, at *1 (D. Md. Aug. 25, 2010). Certainly, the factual and procedural differences between *Almedarez* and this case warrant a

significantly different ratio between Plaintiff's damages and the attorney's fees recovered.[2] For guidance, the Court turns to cases more closely similar to the matter before it: *Navarro v. Eternal Trendz Customs, LLC*, Civ. A. No. TDC-14-2876, 2015 WL 898196 (D. Md. Mar. 2, 2015) (approving a settlement which included attorneys' fees and costs amounting to $3,545.20 where plaintiffs were awarded $4,291.49 and $1,298.89 in wages and liquidated damages) and *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404 (D. Md. 2014) (Grimm, J.) (approving a settlement that was agreed to after informal discovery and ADR and that included $3,000 in attorneys' fees and costs where plaintiff was awarded $4,500 in wages and liquidated damages). Accordingly, the Court finds the ratio between what Plaintiffs will recover and what Plaintiffs' counsel will be reimbursed is in line with other similar cases.

---

[2] Two key differences between the instant case and *Almedarez* are the number of plaintiffs the attorney is representing (one plaintiff in this case versus eight plaintiffs in *Almedarez*) and the timing of the request for fees in the litigation process. Such factors significantly impact the number of hours an attorney might reasonably be expected to expend on even a straight forward wage and hour case.

## II.    Conclusion

Based on the foregoing, the Court hereby **GRANTS** the parties' Joint Motion without modification as: (1) there exists a *bona fide* dispute; (2) the settlement agreement is both fair and reasonable under the *Saman* test; and, (3) the attorneys' fees agreed to are reasonable under *Saman*. In making this decision, the Court offers no opinion on the merits of Plaintiff's underlying claims or Defendants' raised defenses.

January 25, 2019                                                                                          /s/

                                                                                                 Charles B. Day
                                                                                                 United States Magistrate Judge


CBD/clc